## HARLEN CLOUD v. CALEB DAVIS.

Court of Common Pleas. New Castle. February, 1790.

*Rodney's Notes.*

*Bedford* [for plaintiff]. *Bayard* [for defendant].

*Bedford.* First count for money had and received by defendant. Second for money laid out and expended for defendant. Bond signed for £50, conditional that a discount should be allowed for repairs, etc.

Mr. Warner offered. Plaintiff rented some marsh of defendant. Thinks plaintiff was to ditch and fence the marsh, and it was understood generally that defendant was to allow him for it out of the rent, which was £50 (discount for ditch about 50 shillings) *per annum.*

*Mr. Bayard* objected to a deposition of John Harrison (notice not being given) to prove Davis agreed to discount.

*Mr. Bedford.* The matter in dispute being so trifling, no notice was intended nor entered on docket. The want of form not plaintiff's fault but the magistrate's.

*Bayard* objected to the bond given by Cloud to Davis going to the jury, it being cancelled and no witness to prove it.

Plaintiff submits to a nonsuit, *non prosequitur* at bar.

## JOHN PEMBERTON v. CHARLES NIXON, Garnishee.

Court of Common Pleas. Kent. May, 1794.

*Rodney's Notes.*

*Mr. Bayard,* for defendant, moved to have a rule to show cause etc. next term, on the ground that the verdict was against law and evidence. *Bright v. Eynon,* 1 Burr. 390, Lord Mansfield, [new trial granted] where there is a reasonable doubt or certainty that justice has not been done. Reasons for granting new trial is by taking all the evidence and circumstances; difficult to fix a general rule. If evidence upon the whole greatly preponderates against the verdict [new trial should be granted]; but where the evidence is in *equilibria,* no cause for setting aside verdict. Certificate a peremptory bar against the plaintiff. [He is] not liable to any demands whatever, since discharge given in one state [has] the same effect in all other states. [1] Dall. 229, *Miller v. Hall.* Acts of pardon, marriage and divorce binding in all other states etc. [1] Dall. 381, Shippen, certificate of a bankrupt a discharge in law for traders etc. Verdict contrary to law on the ground that the action was brought against Charles Nixon only.

*Mr. Miller,* for plaintiff. The account against Gordon wherein the sum of £341 is credited to him [was] made up in Philadelphia two years after the running account. 1 Wils. 22, though the verdict was against his opinion, yet as the verdict was found by the jury on evidence on each side, [the judge] cannot set it aside, etc. 5 Bac.Abr. 246. Cooke B.L. 348, a certificate in England no discharge in Barbadoes.

*Mr. Ridgely* for plaintiff. 3 Wils. 45, Chief Justice told the jury the weight of evidence was on the side of plaintiff. Jury found for defendant. Plaintiff moved to set aside verdict; if there has been a contrary of evidence, I disdain any power to set aside a verdict found by a jury.

*Mr. Bayard,* for defendant, in conclusion.

[Per Curiam.] The Court, after hearing the arguments and taking the circumstances into consideration, are of opinion that there is not sufficient ground to support the motion, therefore that it be dismissed.